HON. RICARDO S. MARTINEZ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| RE SOURCES FOR SUSTAINABLE COMMUNITIES, a non-profit corporation, | ) ) ) | No. 2:09-CV-01275-RSM |
|    Plaintiff, | ) ) | CONSENT DECREE |
|      v. | ) ) ) | |
| TEAL JONES LUMBER SERVICES, INC., | ) ) ) | |
|    Defendant. | ) ) | |
| _____ | ) | |

WHEREAS, Plaintiff RE Sources for Sustainable Communities filed a Complaint against

Defendant Teal Jones Lumber Services, Inc. on September 9, 2009, alleging violations of the

Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from

Defendant's facility located in Sumas, Washington, seeking declaratory and injunctive relief,

civil penalties and attorneys fees and costs;

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged

violations; and

WHEREAS, counsel for the parties to this action have engaged in discussions relating to

CONSENT DECREE - 1
No. 2:09-CV-01275-RSM

the potential settlement of this litigation, which discussions have included an assessment of the facts surrounding the alleged violations; and

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act at its facility; and

WHEREAS, Defendant has demonstrated that a significant penalty payment would impose a substantial financial burden and jeopardize its ability to continue to operate; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction over the parties and subject matter of this action;

2.      The undersigned representative for each party certifies that s/he is fully authorized by the party or parties whom s/he represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3.      This Consent Decree shall apply to, and be binding upon, the parties, and upon the successors and assigns of the parties.  Changes in the organizational form or status of a party

CONSENT DECREE - 2
No. 2:09-CV-01275-RSM

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

shall have no effect on its obligations under this Consent Decree.

4.      This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about 530 W. Front Street, Sumas, Washington 98295 ("the facility").

5.      This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint in this case and all other claims known and unknown existing as of the date of entry of this Consent Decree, related to stormwater discharges that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the facility identified in paragraph 4 of this Consent Decree against the Defendant, its officers, directors, employees, shareholders, consultants, contractors and agents.

6.      This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admissions or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

7.      In full and complete satisfaction of the claims covered by the Complaint filed in this case and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

a.      Defendant agrees to fully comply with the terms of the State of Washington Industrial Stormwater General Permit, issued on October 21, 2009, effective on January 1, 2010, and expiring on January 1, 2015 ("current NPDES permit") and any successor, modified, or replacement permit.

b.      Defendant shall undertake Level One Responses for $BOD_5$, dissolved oxygen, pH, oil and grease, and copper in accordance with the Level One Response requirements of Condition S4.C. of the NPDES permit issued by the Washington State Department of Ecology

CONSENT DECREE - 3
No. 2:09-CV-01275-RSM

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

("Ecology") on August 21, 2002, effective on September 20, 2002, modified on December 1, 2004, and which expired on December 31, 2009.  The Level One Responses shall contain documentation of an inspection of the facility, an evaluation of possible sources of $BOD_5$, dissolved oxygen, pH, oil and grease, and copper in the stormwater discharge, identification of source and operational control methods by which Defendant can further reduce stormwater contamination, and an evaluation of whether any improvements or changes to Defendant's Stormwater Pollution Prevention Plan are warranted.  Defendant shall complete these Level One Responses within one month after the Effective Date of this Decree, and submit them to Ecology and Plaintiff, at no cost, by that date as well.  All BMPs selected to be implemented as part of the Level One Responses must be implemented at the facility by no later than one month after the Effective Date of this Decree.

c.      Defendant has submitted a Level 2 and 3 Response Report ("Report"), dated October 20, 2009, and prepared by Gandalf Consulting, Ltd., to Ecology.  Defendant agrees that it shall continue to maintain and implement all best management practices ("BMPs") and responsive actions that are set forth in the Report.

d.      Defendant shall, as a supplemental project, cause the pavement and storage yard at the Facility to be swept with a mechanical vacuum sweeper no less than twice a month, in order to reduce turbidity and zinc contaminate levels in the Facility's stormwater discharge.

e.      Defendant shall, as a supplemental project, place drip pads under parked equipment or shall park equipment under cover at the Facility, in order to ensure that any hydraulic oil drips are not released to the outside pavement, as hydraulic oil contains zinc which could contaminate the Facility's stormwater discharge.

CONSENT DECREE - 4
No. 2:09-CV-01275-RSM

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

f.      Defendant agrees that if any stormwater discharge sample taken at the facility exceeds the zinc or turbidity benchmark contained in the current NPDES permit, then Defendant will implement additional source control, operational control, or stormwater treatment BMPs that in Defendants' stormwater consultant's professional opinion are available, known and reasonable BMPS that will reduce zinc or turbidity levels to below the NPDES permit benchmark level as follows:

1.      .  Operational control BMPs, if selected, shall be implemented no later than the Discharge Monitoring Report due date for the quarter the benchmark was exceeded.

2.      Structural control or treatment BMPs, if selected, shall be implemented within nine (9) months after receipt of the zinc or turbidity sampling results, unless the sampling results trigger a Level Two or Level Three Corrective Action (pursuant to Conditions S8.C. and D. of the current NPDES permit) or Defendant is already undertaking a Level Two or Three Corrective Action (pursuant to Conditions S8.C. and D. of the current NPDES permit) for the parameter at issue.  In that case, Defendant shall implement any additional structural source control or treatment BMPs required by Conditions S8.C. and D. of the current NPDES permit within the time allowed by the current NPDES permit.

.  Documentation of any additional BMPs implemented as a result of Paragraph 7(f) shall be sent to Plaintiff, at no cost, within twenty days following the end of the calendar quarter in which the additional BMPs were implemented.

g.      Defendant shall, for a period of three years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or electronic communications between Defendant and Ecology concerning stormwater management,

CONSENT DECREE - 5
No. 2:09-CV-01275-RSM

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

stormwater discharges, and stormwater permitting relating to Defendant's facility.  All copies and documentation shall be forwarded to Plaintiff on a quarterly basis and not later than the twentieth day following the end of each calendar quarter, at no cost to Plaintiff.

h.      The parties anticipate that Defendant will spend in excess of $6,000 (SIX THOUSAND DOLLARS), as shown by bills and documentation, on the supplemental projects described in paragraphs 7(d) and (e) of this Decree and on consulting with a stormwater expert and implementing additional BMPs as described in paragraph 7(f) of this Decree during the duration of this Consent Decree.  If Defendant does not expend at least $6,000 (SIX THOUSAND DOLLARS) in total on the supplemental projects and consultation with a stormwater expert, however, Defendant agrees to pay the difference between $6,000 (SIX THOUSAND DOLLARS) and the total amount expended for the supplemental projects and consultation with a stormwater expert to a non-party environmental project having a nexus to water quality and the watershed of discharge.  In this event, the parties shall select a non-party environmental project within thirty (30) days, and shall notify the Administration of the U.S. EPA and the Department of Justice in writing of the proposed project and the amount to be paid. The funds shall be paid to the proposed project by Defendant forty-five (45) days from receipt of the notification by the Administration of the U.S. EPA and the Department of Justice, unless the Administration of the U.S. EPA or the Department of Justice objects.

8.      Defendant shall pay Plaintiff's reasonable attorneys and expert fees and costs in the amount of $18,000 (EIGHTEEN THOUSAND DOLLARS), in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.  Defendant shall pay the fees according to the following schedule: not later than thirty (30) days after the Effective Date of this Decree, Defendant shall pay $12,000 (TWELVE THOUSAND

CONSENT DECREE - 6
No. 2:09-CV-01275-RSM

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith; not later than one (1) year after the Effective Date of this Agreement, Defendant shall pay $6,000 (SIX THOUSAND DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith.

9.      The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 11.  In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record.  If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the court.

10.      The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3).  Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

11.      This Consent Decree shall take effect on the date it is entered by the Court ("Effective Date").  This Consent Decree shall terminate three (3) years and 60 (sixty) days following its Effective Date.

CONSENT DECREE - 7
No. 2:09-CV-01275-RSM

12.     This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

13.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party.  The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

14.     Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to RE Sources for Sustainable Communities, North Sound Baykeeper, 2309 Meridian Street, Bellingham, WA, 98225.  Notifications required by this Decree to be made to Defendant shall be mailed to Achim Fuchs, Teal Jones Lumber Services, Inc., P.O. Box 860, Sumas, WA 98295.

Dated and entered this 24 day of May, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 8
No. 2:09-CV-01275-RSM

RE SOURCES FOR SUSTAINABLE COMMUNITIES

Signature:      _s/Robyn du Pré_____

Title:          _Executive Director_____

Dated:          _3/10/10_____

TEAL JONES LUMBER SERVICES, INC.

By:     _s/Hanif Karmaly_____
        Hanif Karmaly

Title:  Chief Financial Officer

Dated: _3/1/10_____

CONSENT DECREE - 9
No. 2:09-CV-01275-RSM

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883